SIDNEY E. MYERS *vs.* CITY OF SPRINGFIELD.

When an excavation is made in a public highway, it is the duty of the town not only to erect suitable barriers for the security of the traveller, but also to take all reasonable and proper care to maintain the barriers so erected; and the question as to what degree of care is reasonable, depends on the special circumstances of the particular case.

TORT for damage received on the highway by falling into an excavation in the sidewalk of a public street in the city.

At the trial, in the Superior Court, before *Allen*, J., there was evidence to show that the plaintiff, while travelling along the street in the city in the evening, fell into an excavation made in the sidewalk for the purpose of constructing a coal vault for a building.

The evidence of the plaintiff tended to show that there was no barrier there at the time of the accident, and had been none for more than twenty-four hours ; and that there was nothing to prevent the plaintiff from walking directly into the hole.

The evidence for the defendant tended to show that, in the evening and before the accident, after the work was ended, a suitable and proper barrier was erected by putting a plank across the sidewalk, one end of which rested upon a barrel, and the other upon a mound of earth ; that this barrier was up in its proper place as late as half-past eight o'clock in the evening, and that the accident occurred between eleven and twelve o'clock that night.

The defendant contended that there was no evidence of any notice having been received by the city or its officers of the re-

moval of the barrier after it had been put up in the evening, nor any evidence that any one had seen the place, or had observed whether it was in place or not, between the time when it was testified to have been in place and the time of the accident; and asked the court to instruct the jury that if, at sunset, a sufficient barrier was placed around the excavation to make it safe for the night to persons using ordinary care, the city would not be responsible for the injury to the plaintiff, if that barrier was afterwards removed, whether by accident or design, unless the city had reasonable notice of the removal of the barrier, and that the road, by such removal, had become again dangerous.

He also asked the court to instruct the jury that, if at sunset a sufficient barrier was placed around the excavation to make it safe for the night to persons using ordinary care, the city would not be responsible for the injury to the plaintiff if the barrier was afterwards removed, by accident or design, if there was no notice to the city or to its officers of such removal.

The court declined to give these instructions, but instructed the jury that, if at nightfall a sufficient barrier was placed around the excavation to make it safe for the night to persons using ordinary care, the city would not be responsible for the injury to the plaintiff, if that barrier was afterwards removed, whether by accident or design, there being no evidence in the case of any notice to the city or its officers of such removal, unless the jury believe that it was the duty of the city to have made provision for receiving notice in case of removal.

The jury found a verdict for the plaintiff in the sum of $3187, and the defendant excepted.

*M. P. Knowlton,* (*G. M. Stearns* with him,) for the defendant.

*H. Morris,* for the plaintiff.

AMES, J. The instructions which the defendants requested the court to give to the jury were in substantial conformity to the decision of this court in *Doherty* v. *Waltham,* 4 Gray, 596. The rule given in that case would, in most cases of the kind, be practically all that would be necessary upon that particular point. But it does not follow that it would be sufficient for every case

which can arise of this peculiar liability. There can be no doubt, in case of an excavation in a public way, that it would be the duty of a town not only to erect suitable barriers for the security of the traveller, but also to take all reasonable and proper care to maintain the barriers so erected; and the question as to what degree of care is reasonable depends on the special circumstances of each case. It is easy to suppose a case in which, in the language of the judge at the trial, provision ought to be made for receiving notice in case they should be removed. In case of a dangerous excavation in the sidewalk in one of the most crowded thoroughfares of a populous city, the throng of passengers might be so great and so continuous during the first half of the night, that the chance of disturbance of the barriers by accident or recklessness, or even by the wilful misconduct of mischievous persons, might be such as to require some extra precaution on the part of the city authorities. It might be, under some circumstances, that the mere erection of a barrier, and then leaving it to itself without any oversight, or without having it occasionally visited, would not be all that was required by a reasonable regard for the safety of travellers. As we understand the instructions given by the court to the jury, the " sufficient barrier," therein spoken of, does not mean one which should be absolutely safe under all contingencies, but one which would be sufficient if not thrown down or removed. If the risks to which it was exposed, and the amount and nature of the travel over the sidewalk, were such as to create a substantial and practical danger that the barrier, although originally sufficient, might be thrown down or displaced by accident or design in the course of the night, it would be the duty of the defendant to take some precaution that notice of its actual condition from time to time should be conveyed to some city officer without delay. It was left to the jury to say on the evidence whether this case furnished an instance of that kind, and their verdict is that it did so. We therefore must hold the ruling to have been correct, and the

*Exceptions are overruled.*