## ELIZABETH E. HICKEY *vs.* CITY OF WALTHAM.

Middlesex.   June 2, 1893. — September 6, 1893.

Present : FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Evidence — Negligence — Due Care.*

The plaintiff in an action for personal injuries lived in a house set back six or seven feet from the northerly side of a street in a city, which in building a sewer had dug a trench and piled the earth on that side of the street covering the sidewalk and trespassing on the land in front of the house so that the plaintiff was more or less walled in. The southerly sidewalk was open, and for about six weeks the plaintiff had walked over the mound of earth, crossed the trench by a plank, and pursued her way on the other side of the street, returning in a similar manner. On the evening of the accident, the pile having been reduced from nine or ten to four or five feet and the earth being soft, the plaintiff started to cross as usual, when, as she was passing the top, something gave way under her foot, and she fell and broke her ankle. There was no pathway through the mound, although the plaintiff's sister had tried to get the superintendent to make one. *Held,* that the jury would be warranted in finding that the defendant did not do its whole duty, and that it should have been left to them to say whether the plaintiff's conduct was a bar to her recovery.

HOLMES, J.  This is an action for personal injuries, and the case comes before us on an exception to a ruling that the plaintiff was not entitled to go to the jury on her evidence. The evidence tended to show the following facts. The plaintiff lived on the northerly side of Calvary Street in Waltham. The city was engaged in building a sewer in the street, had dug a trench there, and had piled the earth from the trench on the northerly side of the street, covering the sidewalk and trespassing upon the land in front of the plaintiff's house. The house was set back only six or seven feet from the street, so that the plaintiff was more or less besieged there and walled in. The southerly sidewalk was open to travel. During the continuance of this state of things, which had lasted for about six weeks, the plaintiff had walked over the mound of earth, crossed the trench by a plank which was laid across it, and had pursued her way on the other side of the street, returning in a similar manner. On the evening of the accident the height of the pile had been reduced by shovelling from nine or ten to four or five feet, and the earth was soft. The plaintiff started to cross it as usual, but just as she

was passing the top of the ridge something gave way under her foot, and she fell and broke her ankle. There was no pathway through the mound, although some effort had been made by the plaintiff's sister to get the superintendent to make one.

On this state of facts, we think that the jury would be warranted in finding that the defendant did not do its whole duty. The street was not closed altogether, but they might find that the plaintiff was shut off from access to the street in an unreasonable manner, and that it was practicable and proper to make a pathway through the mound, so that the plaintiff could cross to the southerly side of the street with comfort and safety. The more doubtful question is whether there was any element of danger in the case which the plaintiff did not know and appreciate. On the whole, we are of opinion that it should have been left to the jury to say whether the plaintiff's conduct was a bar to her recovery. One fact to be considered was the strait in which she had been placed by the defendant. Then probably the condition of the earth was changing. A possible inference would be that recent shovelling had made the mound softer and more likely to crumble. We regard the case as analogous to *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155; *Pomeroy* v. *Westfield*, 154 Mass. 462.　　*Exceptions sustained.*

*J. F. Cronan*, for the plaintiff.

*C. M. Ludden*, for the defendant.