EDWARD BURGESS *vs.* DAVIS SULPHUR ORE COMPANY.

Franklin.     September 17, 1895. — January 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Due Care — Assumption of Risk — Instructions — Evidence.*

In an action for personal injuries occasioned to the plaintiff, while employed in the defendant's mine, by a large piece of overhanging rock falling upon him, evidence that the defendant's superintendent, for whose negligence it was agreed that the defendant was liable, knew of this loose stone before he told the plaintiff to work there, and that he made an unsuccessful attempt to dislodge it, will warrant the jury in finding that the superintendent was negligent.

In an action for personal injuries occasioned to the plaintiff, while employed in the defendant's mine, by a large piece of overhanging rock falling upon him, he testified that the superintendent told him where to go to work, and, in reply to the question whether the wall of the rock above was all right, said, " Yes, it is all right, — we tried to bar down some rock and it would not come "; and that there was smoke there from a blast, so that he and his companions could hardly see their work, which was drilling; and it appeared that the only light which they had was from oil lamps carried in their hats. *Held,* that the questions whether the plaintiff was reasonably careful in working where he did at the time of the accident, and whether he assumed the risk of the accident, were for the jury.

If, at the trial of an action for personal injuries, instructions requested by the defendant and refused are, so far as they embody correct propositions of law, covered by the instructions given, and the jury could not have failed to understand the application of these principles to the facts hypothetically stated in the requests, the defendant shows no ground of exception.

In giving some of the instructions requested by the defendant, at the trial of an action for personal injuries, which relate to the evidence relied upon by him, the judge is right in referring to other evidence of what was said or done by the defendant which properly might affect the plaintiff's conduct, and, if the terms in which these references are made could not have misled the jury, the defendant has no ground of exception.

At the trial of an action for personal injuries occasioned to the plaintiff, while employed in the defendant's mine, by a large piece of overhanging rock falling upon him, evidence of witnesses, who were employed with the plaintiff, that, after blasting on the night before the accident, a piece of loose rock hanging above the place where they were working was discovered, and the men did no more work that night, is competent.

The refusal, in an action for personal injuries occasioned to the plaintiff while employed in the defendant's mine, to admit evidence of a direction given by the superintendent to the foreman of the gang, affords the defendant no ground

of exception, there being no offer to show that anything was done under the direction, and it not appearing that the direction had any reference to the safety of the place.

In an action for personal injuries occasioned to the plaintiff, while employed in the defendant's mine, by a large piece of overhanging rock falling upon him, the defendant's superintendent, while testifying as a witness, was permitted to show all the facts and conditions from which the duty of the workmen would appear, and answered without objection the question what would be the duty of a miner if he found a piece of loose ground over the top bench of rock, and he introduced the written contract under which A., a fellow servant of the plaintiff, was working. *Held*, that the defendant had no ground of complaint because the witness was not permitted to testify what A.'s duty was under the circumstances above stated.

It is not competent for the defendant, in an action for personal injuries occasioned to the plaintiff while employed in the defendant's mine, to show that no accident had ever before happened in the mine.

After one party to an action has introduced in evidence a portion of the affidavit of a witness, the other party is rightly permitted to read the next sentence, which tends to qualify that which precedes it.

TORT, for personal injuries occasioned to the plaintiff while employed in the defendant's sulphur ore mine in Rowe. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

The case was argued at the bar in September, 1895, and afterwards was submitted on the briefs to all the judges.

*F. L. Greene*, for the defendant.

*J. B. Carroll*, (*D. Malone* with him,) for the plaintiff.

KNOWLTON, J.   While the plaintiff was working at a place where he had been directed by the defendant to work, a piece of overhanging rock about five feet long and three feet wide fell upon him and injured him.   So far as the defendant could ascertain by the exercise of reasonable diligence, it was its duty to know that the place was reasonably safe before setting the plaintiff at work there.   There was evidence that the defendant's superintendent, for whose negligence it is agreed that the defendant is liable, knew of this loose stone before he told the plaintiff to work there and that he made an unsuccessful attempt to dislodge it.   The jury might well find that he was negligent, either in not bringing it down, or in failing to discover that it was so likely to fall as to make other measures necessary for the protection of the workmen before resuming work on the benches below.

Although some of the testimony tended to show that the plaintiff was negligent, there was other evidence from which the jury might find that he was in the exercise of due care. He testified that the superintendent told him where to go to work, and in reply to the question whether the ground, that is, the wall of rock above, was all right, said, " Yes, it is all right; we tried to bar down some rock and it would not come." He also testified that there was smoke there from a blast, so that he and his companions could hardly see their work, which was drilling. It appeared that the only light which they had was from oil lamps carried in their hats. It was the duty of the superintendent and not of the plaintiff to see that the mine was kept safe for the workmen employed there, and the plaintiff might well trust somewhat to him. The assurance which the plaintiff testified was given to him by the superintendent showed that the condition of the place in regard to safety had been brought to the superintendent's attention. We are of opinion that it was a question of fact for the jury whether the plaintiff was reasonably careful in working where he did at the time of the accident.

It is argued that he should be held, as matter of law, to have assumed the risk of such an accident as this. In regard to dangers arising from an employer's negligence, the doctrine that a voluntary assumption of the risk precludes recovery is of practical application only when the risk is understood and appreciated by the employee, and is not assumed under such constraint of any kind as deprives the act of its voluntary character. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, and cases there cited. *Mahoney* v. *Dore*, 155 Mass. 513. *Hickey* v. *Waltham*, 159 Mass. 460. In addition to the ruling that the plaintiff cannot recover unless it appears that he was in the exercise of due care and that the defendant was negligent, the defendant in a case of this kind has the right to an application of the doctrine that if the plaintiff understood and appreciated the risk and voluntarily assumed it he is without remedy. Inasmuch as the essence of the negligence is a failure to take proper precautions against danger and the risk of injury, it follows that, if the defendant is negligent in this particular, the plaintiff who voluntarily assumes the risk with a full understanding of it is negligent also. The defendant must therefore

prevail, either on the ground that there was no negligence on his part in reference to the particular injury, or that if he was negligent the plaintiff was negligent also.

In the present case the application of this principle involves a determination of facts by the jury. It cannot be said, as matter of law, that the plaintiff understood and appreciated the risk. The jury might find from his testimony that he supposed, and had good reason to suppose, that the place had been carefully examined by the superintendent and found to be safe. Such a finding would be inconsistent with a ruling, as matter of law, that he voluntarily assumed the risk. The jury were fully instructed upon this branch of the case.

The defendant contends that the judge erred in refusing to give certain instructions requested. So far as these requests embody correct propositions of law, they were covered by the instructions given. We think the jury could not have failed to understand the application of these principles to the facts hypothetically stated in the requests. In giving some of these instructions which related to the evidence relied upon by the defendant, the judge was right in referring to other evidence of what was said or done by the defendant which properly might affect the plaintiff's conduct, and, in our opinion, the terms in which these references were made did not mislead the jury.*

The other exceptions relate to the introduction and exclusion of evidence. There was much contradiction in the testimony, and these exceptions must be considered in reference to the different possible aspects of the case as the trial proceeded. We think that the jury might have found that the stone referred to in the testimony of Jones and of James Rule in regard to what they saw and did on the night before the accident was the same

---

* One of the instructions requested, and given with an addition by the judge, was as follows:

" ' If the plaintiff, an experienced miner of full age, acquainted with this mine, went to work on a place known to him to be exposed to the general danger incident to his business, without taking any precaution to insure his safety, or making any examination to determine the safety of the place at that time, he was not in the exercise of due care,' and I will add to that, ' unless something was said or done by the management to excuse him from doing those things.' "

which fell on the plaintiff, and in that view the evidence was competent.* The number of benches, the amount of work done, and the relative position of the stone seen by these witnesses to the men drilling on the benches at different times as the work progressed, were all more or less in dispute.

No error appears in the refusal to admit evidence of a direction given by the superintendent to the foreman of the gang. There was no offer to show that anything was done under the direction, and it does not appear that the direction had any reference to the safety of the place.

The defendant's counsel cannot justly complain that his witness (the superintendent) was not permitted to testify what the duty of James Rule was if he found a piece of loose ground over the top bench of rock. He was permitted to show all the facts and conditions from which the duty of the workmen would appear. The witness answered without objection the question what would be the duty of a miner under such circumstances, and he introduced the written contract under which James Rule was working. The opinion of the witness in regard to the interpretation of the contract or the duty of the contractor was immaterial.

It was not competent for the defendant to show that no accident had ever before happened in the mine. There were too many uncertain and undetermined elements which might affect the safety of its workmen to make the testimony valuable or proper.

After the defendant had introduced a part of the affidavit of Jones, the plaintiff was rightly permitted to read the next sentence, which tended to qualify that which preceded it.

In the opinion of a majority of the court the entry should be,

*Exceptions overruled.*

---

* These witnesses, who were employed with the plaintiff, testified that, after blasting on the night before the accident, a piece of loose rock hanging above the place where they were working was discovered, and the men did no more work that night.