MARY A. JONES *vs.* MICHAEL J. COLLINS & another.

Suffolk.    November 15, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A contractor widening and rebuilding a street for a city, who gives reasonable notice to the public, by barriers and appropriate signs at the entrances, that the street is in process of construction and not open to travel, is not bound to keep the surface of the street free from projections, or to light them at night if they exist, and it is not an invitation to use the street, for him to leave openings in such barriers through which a foot traveller can pass.

If a new street is laid out by a city over and including an existing narrower street, and during its construction reasonable notice that the street is closed for travel has been given to the public, by placing barriers and appropriate signs across each end of the new street and across the ends of each street leading into it, and these obstructions are still in place but do not extend across the whole of the space at the ends of the new street or of the streets leading into it, so that persons on foot can pass into the enclosed space without removing or climbing over any obstructions, a contractor, employed by the city to construct the new street, is not bound to maintain lights at night to show an iron pipe protruding through a portion of the new street where a sidewalk is to be constructed, and is not liable to a person injured by falling over such pipe, who entered the enclosed space at night from a side street without knowledge that the street had been closed for travel.

TORT, against Michael J. Collins and Benjamin A. Ham, contractors, to recover for personal injuries alleged to have been caused by falling over an iron pipe or water shut-off, protruding

through ground which was being prepared for the construction of a sidewalk, on an extension of Columbus Avenue then in process of construction in that part of the city of Boston called Roxbury.　Writ dated November 14, 1896.

At the trial in the Superior Court, before *Richardson*, J., the defendants, at the conclusion of the evidence, requested the judge to rule that upon all the evidence the plaintiff could not recover, and to order a verdict for the defendants, and also requested the judge to give the following ruling :

" That upon all the evidence in the case the defendants owed the plaintiff no duty to keep the surface of the sidewalk in such condition that she could pass and repass over the same with safety, or to light the same in the night time, and that the defendants owed her no duty except only that they should not wilfully injure her while upon the said walk."

The presiding judge refused to rule as requested, and the defendants then asked the judge to instruct the jury as follows :

" That if the jury shall find that the street was closed to public travel by horses and barriers placed across the ends thereof and across the side street, that the defendants were engaged at the time of the injury complained of in the making of a new street under a contract with the city of Boston, and the plaintiff went upon the said street so being constructed, she went there at her own risk and was a mere licensee, and if she was injured while there she cannot recover, and their verdict must be for the defendants."

The presiding judge refused so to instruct the jury, and instructed them in such a manner that they might find the defendants negligent in allowing the water shut-off or pipe to remain unmarked by a light on the night the accident occurred, and might find that the fact, that the street in process of construction was not entirely fenced in by wooden horses or other barriers and was accessible to foot travellers at the ends and by the sidewalks of side streets, was an invitation to the public to use it for foot travel, which might make the defendants liable to the plaintiff for her injury.

The jury returned a verdict for the plaintiff in the sum of $2,500; and the defendants alleged exceptions.　All the material facts are stated in the opinion of the court.

*E. R. Anderson*, for the defendants.

*I. R. Clark*, ( *G. F. Ordway* with him,) for the plaintiff.

BARKER, J.   In the summer of 1896 an extension of Colum-
bus Avenue in Boston, one hundred feet in width, was laid out
as a public street.   Included in the limits of the laying out was
Seaver Street, a public way, forty feet wide.   The construction
of the new street involved the tearing up of the whole surface
of Seaver Street, as well as of the rest of the new street.   The
defendants, under a contract with the city began about the last
of August to construct the new street.   This work had not been
completed when the plaintiff was hurt, on the nineteenth of the
following September, by falling over a water shut-off pipe in a
part of what had been Seaver Street, and which would be part
of the sidewalk of the new street when constructed.

At the trial there was no dispute that at the time of the acci-
dent the work of construction was still in progress.   Notice that
the street was closed for travel had been given at the commence-
ment of the work by placing horses and other obstructions, with
appropriate signs, across each end of the new street and across
the ends of each street leading into it, and these obstructions and
signs were still in place.   The obstructions did not extend across
the whole of the space at the ends of the new street, nor across
the whole width of the side streets.   There was sufficient free
space at the sides so that persons on foot could get into the
space included within the lines of the new street without re-
moving or climbing over any obstructions.   But the obstruc-
tions and signs were so placed and so numerous and of such a
nature as to be well calculated to give ample notice to the pub-
lic that the street was in process of construction and was not
open for travel.

The plaintiff's evidence tended to show that she did not know
that the street was in process of construction, or closed for travel,
and that having business with a resident of a house which
abutted on the new street and to which the access had been
through Seaver Street, she walked through a side street into
the new street during the evening of September 19, and along
the new street, without perceiving any obstruction or sign, or
any indication of danger, to the house at which she had business ;
and that after doing her errand there she walked away, in that

part of the new street which was to be its sidewalk, and ran into the shut-off pipe which projected some inches above the surface and was not marked by a light.

At the trial the defendants contended that they were not negligent in allowing, during the progress of construction, the shut-off pipe to stand exposed above the surface and unmarked by a light, and that the plaintiff went upon the street at her own risk. But the court ruled otherwise, and allowed the jury to find the defendants negligent in allowing the pipe to remain unlighted, and also allowed them to find that the fact that the new street was not entirely fenced in, and was accessible to foot travellers at the ends and by the sidewalks of side streets, was an invitation to the public to use it for foot travel, which might make the defendants responsible to the plaintiff for negligence.

In our opinion the defendants are entitled to a new trial. The city had laid out and provided for the construction of a new street, and could close that portion of it which had been Seaver Street to travel, until the new street should be completed and opened for use. *Bliss* v. *Deerfield*, 13 Pick. 102, 108, 109. *Drury* v. *Worcester*, 21 Pick. 44. *Bowman* v. *Boston*, 5 Cush. 1. *Commonwealth* v. *Boston & Lowell Railroad*, 12 Cush. 254, 259. In the earliest of these cases it was said, speaking of a newly laid road, which had been opened by removing the bars which had been up during the construction that " Perhaps, it would not be too much to say, that if a traveller were to enter it under any circumstances, before it is so opened, and an accident should happen, it must necessarily be attributed to his own rashness or negligence, in which case it is very clear, that he could have no remedy against anybody," and also that the opening of the road for public use is " a fact to be proved by the acts, conduct and declarations of those whose duty it is to finish and open it." In the case last cited the principle is stated to be " that notwithstanding a highway has been laid out and located, the town does not become responsible to a traveller passing on it, for damage caused by a defect therein, until it has been graded and fitted for use as a highway, and by some express or implied notice, opened for use."

A contractor employed by a municipality to do the work of constructing a highway is its agent. When, as in the present

case, the order for laying out and construction includes what has been an existing way, the whole surface of which as well as that of the other land included in the laying out is to be torn up and wrought anew, if reasonable notice is given to the public by signs and barriers that there is no passing and that the way is not open to travel, this suspends the statutory liability. It also is sufficient to free the town or city and its contractor from all obligation to keep the way safe for the use of travellers until it has been completed in accordance with the order, or opened for use. In the meantime it is not negligence for the municipality or its agents to leave in the surface of the street such projections as that over which the plaintiff fell, and it is not an invitation to use the street, to leave at the entrances to it openings through which travellers can pass, if at the same time there are exposed to view such signs and barriers as are fitted to convey to the public notice that the street is for the time being closed for travel. It is not essential that such notice shall be brought to the actual knowledge of all persons ; and it is immaterial to the duty of the defendants to the plaintiff in the present case, whether she had actual knowledge that the street had been closed for travel. The barriers and signs which were in fact up, and had been so for many days, were enough to fix the right of the defendants, to control the place without being under obligation to keep it in any condition other than that resulting from the legitimate prosecution of the work of construction in accordance with the order under which they worked.

In the opinion of a majority of the court the verdict should be set aside, and a new trial granted.

*Exceptions sustained.*