## MARGARET L. LEONARD *vs.* CITY OF BOSTON.

Suffolk. November 12, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Way*, Defect in highway. *Negligence*, Contributory.

One walking on a city sidewalk in the evening and seeing a barrier with a lantern at the end extending part way across the sidewalk from a building to a tree, leaving a clear space of five feet and two inches between the outside of the tree and the curbstone, as matter of law, is not bound on seeing the lantern to stop and look before proceeding beyond the barrier, and, if in so proceeding he falls over a pile of stones and is injured, and sues the city under the highway act, the question of his due care is for the jury.

A city may be found to have had reasonable notice of a defect in a highway consisting of a pile of stones on a sidewalk, between two barriers thirty feet apart extending part way across the sidewalk, if there is evidence that the pile of stones sloped toward the curbstone and extended beyond a line from the end of one barrier to the end of the other, and "had been there for a few days."

TORT for personal injuries from an alleged defect in Dorchester Avenue, a highway of the defendant. Writ dated September 22, 1899.

At the trial in the Superior Court before *Bishop*, J., the jury returned a verdict for the plaintiff in the sum of $2,000. The

defendant alleged exceptions, raising the questions stated by the court.

*S. M. Child*, for the defendant.

*J. E. Young*, (*W. L. Strickland* with him,) for the plaintiff.

LATHROP, J. The accident in this case occurred on September 9, 1899, between eight and nine o'clock in the evening. The plaintiff, a girl about sixteen years old, was walking with her sister along Dorchester Avenue in Boston, when she came to a place in front of a blacksmith shop, where there was a board, with a lantern on the end, across a part of the sidewalk, running from the shop to a tree. Some thirty feet off was another board running from a building to a telegraph pole. The distance from the outside of the tree to the curbstone was about five feet and two inches, and the distance from the curbstone to the outside of the telegraph pole was two feet. The sidewalk was eleven or twelve feet wide. The enclosure of a part of the sidewalk was by authority of a permit from the superintendent of streets of the city of Boston.

The girls saw the board fastened to the tree, and the lantern; they passed on the outside of the tree, and after taking a step or two beyond it, the plaintiff fell over some stones and was injured. The jury returned a verdict for the plaintiff; and the case is before us on the defendant's exceptions, with a full report of the evidence bearing upon the question of liability.

We are of opinion that the exceptions must be overruled. We do not consider it necessary to determine whether, under the permit which had been obtained from the superintendent of streets, the whole sidewalk could have been obstructed by barriers. The fact is that it was not so obstructed, and we are of opinion that the judge at the trial rightly ruled that the barriers obstructed only so much of the sidewalk as was within a line drawn from the tree to the telegraph pole. The case differs widely in its facts from *Jones* v. *Collins*, 177 Mass. 444, and *Compton* v. *Revere*, 179 Mass. 413. The sidewalk outside of the line between the tree and the pole was apparently open for travel. There was evidence in the case that there were no repairs being made on the sidewalk, and that it was not torn up.

The principal question argued by the defendant is that the

plaintiff was not in the exercise of due care. The evidence was that after passing the tree the plaintiff walked right along, and the first thing she knew she stumbled and fell. On cross-examination, she testified that she walked straight along; that she thought it was all right, because she did not see any light, meaning, we presume, that there was no light between the two barriers to indicate any obstruction. The evidence given by the plaintiff on which the defendant relies is to the effect that when she saw the lantern at the tree she did not stop to look whether everything was all right. We are of opinion that the question was for the jury, on all the evidence, whether the plaintiff was in the exercise of due care or not. It could not be ruled, as matter of law, that she was bound to stop on seeing a lantern on a barrier which did not extend across the sidewalk.

The remaining question is whether there was any evidence of negligence on the part of the defendant. The only reason given by the counsel for the defendant in his brief why there was no evidence of such negligence is that the sidewalk was closed by a barrier, and the defendant performed its whole duty. As we have already stated, the facts show that the sidewalk was not entirely closed. If there is any defence, it must be that the defect existed so short a time that the city did not have reasonable notice of it, or could not have had reasonable notice of it, by the exercise of proper care and diligence on its part. See *Parker* v. *Boston*, 175 Mass. 501. We are of opinion that, on the evidence, this question was for the jury.

The plaintiff testified that she fell on some stones that came from a pile of stones, some two feet high; that the stones ran right up on to that pile; and that when she fell her arm struck the pile. Her sister testified that the plaintiff fell into a pile of stones that were about two feet high, and sloped down on the sidewalk. One Langley, who went to the place of the accident, in company with the plaintiff's father, the same evening, testified that he saw a pile of stones between the tree and the telegraph pole, which had been there for a few days; that the pile was two or three feet long and a foot and a half to two feet high, and that it sloped off toward the curbstone. The father of the plaintiff testified that after he passed the tree he noticed the pile of stones; that the pile extended out from a line connecting the

tree and the telegraph pole. The evidence for the defendant tended to contradict that for the plaintiff, and was to the effect that there were no stones outside of a line connecting the tree and the telegraph pole. On the whole evidence it was for the jury to say what were the facts in the case. If the jury believed Langley that the pile sloping toward the curbstone had been there for a few days, and found that this pile was outside of a line connecting the tree with the telegraph pole, they were warranted in finding that the defendant had reasonable notice of the defect, or could have had notice thereof by the exercise of proper care and diligence.

*Exceptions overruled.*