ETHEL S. SAMPSON *vs.* CITY OF BOSTON.
SAME *vs.* CHARLES R. GOW & another.
ROBERT M. SAMPSON *vs.* SAME.

Norfolk. March 18, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Contributory. *Way,* Defect in highway.

Where paving stones have been piled along the edge of the sidewalk of a street of a city by a sewer contractor, and the street is open for travel, a woman who trips and falls over some of the stones when about to step from the sidewalk to an open electric car, looking for a seat in the car with her attention not wholly upon her footing, in actions against the city and the contractor for injuries thus caused may be found to have been in the exercise of due care, if there is evidence that the stones were hidden from her view by persons behind whom she was walking and that she did not see the stones until she fell over them.

THREE ACTIONS OF TORT, the first action by Ethel S. Sampson against the city of Boston for injuries from an alleged defect in Washington Street, a highway in that part of Boston called Forest Hills, consisting of a pile of paving stones on the sidewalk of that street, the second action by the same plaintiff against Gow and Foss, contractors, for negligently piling and leaving the stones on the sidewalk, and the third action by

Robert M. Sampson, husband of Ethel, against the same contractors for damages by reason of her injuries. Writs dated in August, 1900.

In the Superior Court the cases were tried before *Sherman,* J. It appeared that at the time of the accident the defendants Gow and Foss had a contract with the city of Boston under which they were laying house connections from the sewer in the centre of Washington Street to the building line on the easterly side of the street. The gutters of Washington Street and the spaces between the railway tracks were paved with square paving stones. The employees of the defendants Gow and Foss, in order to excavate a ditch for one of these connections, had removed twenty-five or thirty of the paving stones from the space where they were to dig and piled them along the edge of the easterly sidewalk between a trolley post and a telegraph pole and to some extent beyond each. The accident happened from the plaintiff tripping and falling over some of these paving stones when about to step from the easterly sidewalk to an open electric car. The plaintiff Ethel and a companion were on the way from Boston to Hyde Park. They had come in an electric car from Boston to Forest Hills and were on the sidewalk of Washington Street waiting to take a car of the Norfolk Suburban Railway from Forest Hills to Hyde Park. As the car approached they were walking in the direction of Hyde Park to meet it. When the car passed them going in the direction of Boston they turned and walked back to overtake the car when it stopped. The plaintiff and her companion walked toward the rear of the car behind other people. The plaintiff testified " We were almost the last ones to get on, and I was behind a lot of people and I didn't see the stones." She further testified that she was looking for a vacant seat, and that when she fell she was about to take hold of the stanchions of the car " to get up on the step."

At the close of the evidence the defendant city requested the judge to rule that upon all the evidence it could not be held liable, and that there must be a verdict for that defendant in the action against it. The judge refused so to rule. The defendants Gow and Foss requested the judge to rule that upon all the evidence the plaintiff Ethel was not in the exercise of due care

and could not recover. This request was refused. The cases were submitted to the jury under instructions to which no exceptions were taken by either of the defendants other than their exceptions to the above refusals to rule as requested.

The jury found for the plaintiff in each case; and the defendants alleged exceptions.

*A. L. Spring*, for the city of Boston.

*T. E. Grover & J. P. Lyons*, ( *C. S. Knowles* with them,) for Gow and Foss.

*H. E. Bolles*, ( *W. L. Cherrington* with him,) for the plaintiffs.

BARKER, J. The single question for decision is whether upon all the evidence the jury would be justified in finding that the plaintiff who was hurt was in the exercise of due care. As bearing upon this question the defendants contend that the street was closed to travel and that the plaintiff who was hurt knew that the street was so closed, and they cite *Jones* v. *Collins*, 177 Mass. 444, and *Compton* v. *Revere*, 179 Mass. 413. But in the present case the evidence did not require a finding that the street was in fact closed to travel. On the contrary it well might be found that the street was in use for travel and had not been closed, but merely that some barricades and warnings had been erected to point out dangers to travellers who were expected to use the way.

The condition of the street not being such as to necessitate the conclusion that it had been closed to travel, the care or negligence of the plaintiff who was hurt must be determined by applying the test which is usual. She was on foot and her purpose at the time she was hurt was to board an open electric car. In attempting to do so she stumbled and fell over a pile of square stone paving blocks. In walking toward the car her attention was not upon her footing wholly but was engaged upon the obtaining of a seat in the car, so that she did not look wholly to the ground, but to the car to see where there were seats. There was no evidence of her negligence except that she trusted herself to walk upon a road where changes were going on, and that she fell over a pile of stones which were in her way, and that she allowed herself while walking to look at the car. On the other hand there was evidence that the stones were hidden from her view by the people who were. in the vicinity

and behind whom she was walking, and that she did not see them before she fell over them. The question of her care was for the jury.

*Exceptions overruled.*