MARY A. JONES *vs.* MICHAEL J. COLLINS & another.
SAME *vs.* CITY OF BOSTON.

Suffolk. November 16, 17, 1904. — May 16, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way,* Defect in highway. *Nuisance.*

For the purpose of establishing the liability of a city or town under the highway act a street remains open to travel until it has been closed by a vote of the proper authorities.

In actions against a contractor and against a city for injuries caused by the plaintiff tripping over an iron water shut-off twelve inches high and three or four inches in diameter protruding above the portion of a street where a sidewalk is to be constructed, if it appears that the contractor was constructing a new street laid out over an existing highway, doing the work under a permit from the superintendent of streets, called a permit to close, this shows that the street technically was not closed to travel by a vote of the proper authorities, and it is a question for the jury whether the contractor and the city have used reasonable care and diligence to protect the travelling public. If they have not, the contractor is liable for having created a nuisance in a public way in legal contemplation open to travel, and the city is liable under the highway act.

TWO ACTIONS OF TORT by the same plaintiff, the first against Michael J. Collins and Benjamin A. Ham, contractors, doing business under the partnership name of Collins and Ham, and the second against the city of Boston, for injuries incurred on September 19, 1896, by falling over an iron pipe or water shut-

off protruding through the portion of Columbus Avenue then being wrought for a sidewalk, that avenue having been laid out over Seaver Street in that part of Boston which formerly was West Roxbury. Writs dated November 14, 1896.

In the Superior Court the case against the contractors first was tried before *Richardson*, J. The jury returned a verdict for the plaintiff, and exceptions alleged by the defendants were sustained by this court in a decision reported in 177 Mass. 444. Later, both cases were tried together before *Bond*, J. The testimony of the plaintiff in regard to the happening of the accident was the same as at the former trial of the first case. After beginning her testimony the plaintiff was taken ill, and her cross-examination at the former trial was read to the jury by agreement. It appeared that the defendants Collins and Ham had a contract with the city of Boston for the construction of Columbus Avenue from Washington Street to Walnut Avenue by the widening of Seaver Street from forty to eighty feet, and that the widening was done on both sides of Seaver Street. Ham testified that they " had a permit from the city of Boston to close the street." At the conclusion of the evidence the judge ruled that upon the evidence neither of the actions could be maintained and ordered verdicts for the defendants. The plaintiff alleged exceptions in both cases.

*G. F. Ordway*, for the plaintiff.

*E. R. Anderson*, (*A. T. Smith* with him,) for Collins and Ham.

*S. M. Child*, for the city of Boston.

LORING, J. The learned counsel for the plaintiff has contended that the case which was proved in the second trial at which the exceptions now before us were taken is not within the rule laid down when the first of these two cases was here before, (*Jones* v. *Collins*, 177 Mass. 444,) and also laid down in *Bliss* v. *Deerfield*, 13 Pick. 102, and *Compton* v. *Revere*, 179 Mass. 413. He contends that the cases now before us come within the rule laid down in *White* v. *Boston*, 122 Mass. 491 ; *Butman* v. *Newton*, 179 Mass. 1 ; *Leonard* v. *Boston*, 183 Mass. 68 ; *Sampson* v. *Boston*, 184 Mass. 46 ; *Hyde* v. *Boston*, 186 Mass. 115.

The distinction between *Jones* v. *Collins* on the one hand and *Sampson* v. *Boston*, 184 Mass. 46, and *Hyde* v. *Boston*, 186 Mass.

115, on the other hand is this: Where a public way has been closed to public travel by vote of the proper public authorities, it becomes the duty of the city or town to give proper notice thereof, if it wishes to put an end to its statutory liability under R. L. c. 51, §§ 17, 18, for the time being, namely, while the way is closed. If it does give such notice its statutory liability is ended for the time being, as was held in *Jones* v. *Collins*, 177 Mass. 444. On the other hand, in cases where no vote has been passed to close the way and a pile of stones or an excavation is lawfully placed or made in it, the city or town is liable if it had notice or might have had notice of the defect, unless it had used reasonable care and diligence to protect the travelling public from the pile of stones or the excavation. *Sampson* v. *Boston*, 184 Mass. 46, *Hyde* v. *Boston*, 186 Mass. 115, are cases of this class.

If barriers are relied upon in a case of one class and the question of their sufficiency is raised, a decision on the sufficiency of barriers in a case belonging to the other class is beside the point. The purpose of the barriers and the office served by them are quite different in the two classes of cases.

Where the question is whether the statutory liability of a town has come into existence in case of a public way which has been laid out and at least substantially completed, (*Bliss* v. *Deerfield*, 13 Pick. 102, *Drury* v. *Worcester*, 21 Pick. 44, *Commonwealth* v. *Boston & Lowell Railroad*, 12 Cush. 254, 259, *Compton* v. *Revere*, 179 Mass. 413,) or where the way has been closed by vote after it once has been opened, (*Jones* v. *Collins*, 177 Mass. 444,) the question is a question of notice express or implied. See especially Shaw, C. J. in *Drury* v. *Worcester*, 21 Pick. 44; Barker, J. in *Jones* v. *Collins*, 177 Mass. 444, 448. If the town has attempted to give notice by the erection of barriers, the question is whether the barriers alone or the barriers coupled with a notice on them are sufficient notice.

But where without question the way was at the time a public way open to public travel and the statutory liability of the city or town was then in existence, the question is the question of whether reasonable care and diligence has been used to protect the public by barriers against the pile of stones or the excavation temporarily in the way, and the question whether the bar-

riers erected are sufficient for that purpose is a quite different question. That was the question which was up in *Sampson* v. *Boston*, 184 Mass. 46, and *Hyde* v. *Boston*, 186 Mass. 115, cited by the plaintiff here. To these cases may be added the earlier cases of *Doherty* v. *Waltham*, 4 Gray, 596, and *Myers* v. *Springfield*, 112 Mass. 489. *Martin* v. *Chelsea*, 175 Mass. 516.

In *Howard* v. *Mendon*, 117 Mass. 585, although the barriers and notice assumed that the way had been closed, there does not seem in fact to have been a vote to close the way. Under those circumstances the jury were told that it was the duty of the defendant town to guard the mound of earth in question by a sufficient guard or barrier at the place where the mound was, or by a sufficient fence or barrier across the way at the end of that part of the way which was under construction. That is to say, the case was treated in the charge as a case of the second class, and the charge was upheld on the authority of two previous cases of that class. *Doherty* v. *Waltham*, 4 Gray, 596. *Myers* v. *Springfield*, 112 Mass. 489.

*White* v. *Boston*, 122 Mass. 491, is the case mainly relied on by the plaintiff in the case at bar. Apparently there was no vote in that case closing the street to public travel, and it is expressly stated in the bill of exceptions in that case that the excavation which caused the injuries there complained of " was made a day or two before the accident happened, in the course of repairs of the street, but by whom made or for what purpose did not distinctly appear." For all that appeared the excavation in question was made by a contractor, without action by the city of Boston closing the street to travel; if so the case was a case where a contractor was doing work in a street which was left open to travel and the statutory liability of the city was not suspended. In other words, the case was a case of the second class. Under these circumstances what was said in the opinion must be taken to have been said of a case where the way has not been closed by the proper authorities. No cases are referred to in the opinion, but it appears from an examination of the original papers that the Massachusetts cases cited by the defendant were all of them cases where there had been no vote closing the public way, namely, *Doherty* v. *Waltham*, 4 Gray, 596; *Myers* v. *Springfield*, 112 Mass. 489; *Howard* v.

*Mendon*, 117 Mass. 585. The case from Maine, the only other case cited by him, was not a case where the public way had been closed to travel.

The only remaining case cited by the plaintiff which need be noticed is the case of *Leonard* v. *Boston*, 183 Mass. 68. As shown by the original papers that was not a case where the public way had been closed, but a case where a permit was given " to open, occupy and use a portion not exceeding fifty feet in length, by sidewalk and six feet in width, of Dorchester ave. street, in front of " the blacksmith's shop referred to in the report, which permit was issued by the superintendent of streets " in accordance with the revised ordinances of the city of Boston." That is not a vote by the proper authorities closing the street to travel.

The only express provision made by statute for closing a public way to travel is in case specific repairs are ordered to be made by county commissioners. St. 1839, c. 90, now R. L. c. 48, § 10. But the power of closing public ways to travel is not confined to that case.

In the case at bar the defendant Ham testified " that he had a permit from the city of Boston to close the street," and there was no further evidence on this point. By a permit to close a street to travel is probably meant a permit to occupy a street under the revised ordinance which was before the court in *Leonard* v. *Boston*, 183 Mass. 68. At any rate it cannot be taken to be a vote by the proper authorities closing the street to public travel. In the former case of *Jones* v. *Collins*, 177 Mass. 444, this permit was not put in evidence or even referred to.

It did appear there, as it has appeared here, that although Seaver Street " was never discontinued by any formal vote or order of the city authorities, ·. . . the board of street commissioners of the city of Boston passed an order for the laying out of Columbus Avenue and extending the same from Washington Street to Walnut Avenue over the whole of Seaver Street, and for widening Seaver Street and changing its name to Columbus Avenue." The new lay out did not work a discontinuance of Seaver Street. *Howard* v. *Mendon*, 117 Mass. 585. *Hobart* v. *Plymouth*, 100 Mass. 159, 165.

It seems to have been assumed in *Jones* v. *Collins*, 177 Mass.

444, that this order of laying out was impliedly an order closing Seaver Street to travel during construction. But a permit, although called a permit to close, implies that the way has not been technically closed to public travel by the proper authorities. In view of the permit in evidence here, it must be assumed that the street was not closed to travel on the evidence in the case, and it is not necessary to consider whether the assumption made in the former case was rightly made or not.

As the cases now before us stood on the evidence they must be dealt with as cases where the statutory liability of the defendant city was still in existence, and the question for trial in the case against the city was whether the defendant city had used reasonable care and diligence to protect the travelling public against the defect in Seaver Street or Columbus Avenue caused by an iron water shut-off twelve inches above the sidewalk and three or four inches in diameter; and we are of opinion that the jury could find that it had not done so.

At the argument counsel for the defendant contractors contended that directing a verdict for them was right because the statutory notice was given to the defendant city only. We assume that counsel referred to the provision that notice shall be given "to the county, city, or town or person by law obliged to keep said way" in repair. R. L. c. 51, § 20. The defendant contractors in the case at bar were not persons "by law obliged to keep said way" in repair. The duty of keeping Seaver Street or Columbus Avenue in repair was on the city of Boston. The defendants were liable for having in fact created a nuisance in a public way which was in legal contemplation open to travel.

*Exceptions sustained.*