Sanborn, J.
This is an action of tort to recover damages for personal injuries. The facts as found by the Court are as follows: The defendant is a contractor employed by the town of Mansfield to construct a section of sewer system. In the performance of its contract, the defendant had opened a section of trench in about the center of the street which passes the plaintiff’s residence and place of business. This trench was about ten feet deep and four feet wide. The dirt from the excavation was piled on the surface of the street beside the trench. At intervals a space was left in the pile of dirt and a plank laid across the trench on which pedestrians might step across the trench. As the plaintiff stepped on the plank, it broke and the plaintiff fell into the trench and was injured.
*292 The Court found the plaintiff was in the exercise of due care, and that the defendant was negligent in placing across the trench a plank that was not fit and proper for the purpose intended, and that while the defendant was under no duty to the plaintiff to provide a means of crossing the trench from his premises, he assumed the duty of placing the plank across the trench for the convenience of the public and that the plaintiff used it as a licensee and to him the defendant owed the duty of exercising ordinary care.
The question here presented is as to the correctness of the ruling made at the plaintiff’s request that on all the evidence the plaintiff should recover. No question appears to be raised as to the findings of negligence on the part of the defendant or of due care on the part of the plaintiff. The defendant contends, however, that having found the plaintiff a licensee, the only duty the defendant owed him was to refrain from wilful, wanton or reckless conduct.
We are of the opinion the plaintiff’s rights are not limited to the rights of a licensee, and that the Court rightly held the defendant liable for negligence. In the instant case, as in that of Hickey vs. Waltham, 159 Mass. 460, access to the plaintiff’s residence was rendered difficult by the trench and the piled up earth, and it was entirely practicable and proper, as the Court there said, to make a pathway through the pile of earth, and to lay a plank across the trench to make access to the plaintiff’s property easy and safe. In so doing the defendant may be considered as impliedly inviting pedestrians to make use of the pathway and plank provided for that purpose and which the public had a right to suppose would be safe. In other words, the defendant was bound to exercise reasonable care and diligence to protect those whom he had impliedly invited to make use of the means he had provided for crossing the trench. *293 Stoliker vs. Boston, 204 Mass. 522, Jones vs. Collins, 188 Mass. 55, Hickey vs. Waltham, 159 Mass. 460, Murphy vs. Hugh Nawn Contracting Co., 223 Mass., 404. While involving a different set of facts, we believe the instant case comes within the general doctrine set forth in Plummer vs. Dill, 156 Mass. 426, in which the Court said, “There is a class of cases to which Sweeney vs. Old Colony & Newport Railroad, 10 Allen 368 and Holmes vs. Drew, 151 Mass. 578 belong, which stand on a ground peculiar to themselves. They are where the defendant by his conduct has induced the public to use a way in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe. The inducement, or implied invitation, in these cases, is not to come to a place of business fitted up by the defendant for traffic, to which those only are invited who will do business with the occupant, nor is it to come by permission, or favor, or license, but it is to come as one of the public and enjoy a public right, in the enjoyment of which one may expect to be protected. The liability in such a case should be co-extensive with the inducement or implied invitation.”
There has been no prejudicial error and the report is dismissed.