## DAVID T. COMPTON *vs.* INHABITANTS OF REVERE.

Suffolk.    March 20, 1901. — June 19, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way*, Defect in highway.

When the condition of a street is such as in itself to give notice that the way is not open to public travel, it is not necessary to place barriers there to warn the public that it is unsafe to proceed.

One, who in the daytime enters a street which he knows is not graded or fit for public travel, does so at his peril.   The fact that other persons before he entered drove wagons over the street, choosing to take the same risk for the sake of making a short cut, does not help him.

TORT against the inhabitants of the town of Revere to recover for injuries caused by falling on the slope of an embankment in process of construction under an order prescribing the manner of changing the grade at a railroad crossing of Beach Street in that town.   Writ dated April 3, 1897.

At the trial in the Superior Court, *Sherman*, J. refused to direct a verdict for the defendant, and left the case to the jury, who found for the plaintiff in the sum of $2,500.   The defendant alleged exceptions.   The facts are stated in the opinion of the court.

*L. L. G. DeRochemont*, for the defendant.

*S. L. Whipple & E. V. Grabill*, for the plaintiff.

LATHROP, J.   The plaintiff seeks to recover for personal injuries sustained by him on account of an alleged defect in a highway in the defendant town.   The jury returned a verdict for the plaintiff; and the case is before us on the defendant's exceptions.   There were eleven requests for instructions, only one of which need be considered, and that is the last, which is as follows: " That, upon all the evidence in the case, the verdict should be for the defendant."

The undisputed facts in the case are that in consequence of an order of the county commissioners, made on September 1, 1896, it became necessary for the Boston, Revere Beach and Lynn Railroad Company to build a bridge over which Beach Street was to pass, and to raise the grades of Beach Street and

of Ocean Avenue, two highways running at a right angle with each other.   The railroad company, by the order, had a year in which to do the work.   At the request of the railroad company, the board of selectmen of the defendant town voted to grant permission to the company to close the streets, and the selectmen had nothing to do with the work that was being done on these streets during the fall, winter and spring of 1896 and 1897. The work of changing the grade began about the last of September, 1896, and continued until some time in December of that year.   The ground then became frozen, and the work had to be abandoned until the next spring.   When work ceased in December, Beach Street was in a very rough condition. . The dirt lay as it had been dumped from the tip-carts, and had not been levelled off; and it was obvious to every one who saw it that it was not in a condition for public travel.

The plaintiff lived on Kimball Avenue, a street west of the bridge on Ocean Avenue, and running diagonally into that avenue.   On the morning of March 1, 1897, the plaintiff left his house, crossed the bridge, which was then incomplete, went into the middle of the street, and made his way along Beach Street, until he came opposite the grocery of one O'Brien. There was a bank of earth there three or four feet above the sidewalk.   In attempting to go down this he slipped and fell, and sustained the injuries complained of.

The plaintiff testified that he had been to O'Brien's many times during the eight months preceding the accident, and that the general condition of things had existed for over a month; and that the street was nothing but a dirt heap; and that there was another way of getting to O'Brien's, but it was more round-about.

It is obvious that the plaintiff knew all that there was to know about the condition of things ; and, in attempting to use the street, did it at his peril.   The case cannot be distinguished from *Jones* v. *Collins*, 177 Mass. 444, unless the question of a want of barriers makes a difference.   There was a conflict of evidence on the point whether barriers had ever been placed on Beach Street.   But we do not regard the question as material in this case.   The object of a barrier is to notify the public that it is unsafe to proceed ; but where the condition of the street is

such as is shown by the evidence in this case, the condition itself is as strong a notice as any that could be given.

Nor do we regard it as material that prior to the accident, some wagons were driven over the street.   There are always persons who take risks, if a short cut can be made, and who will go over a street even if it is obviously not open to public travel. There is not enough in this case to show that at the time of the accident the way was open to public travel.

This is not the case of a person entering upon a street in the night-time, which he has no reason to suppose defective, but of a person entering a street in the daytime, the grade of which he knows is being changed and which he also knows is not graded, or fit for public travel.

Under these circumstances we are of opinion that the eleventh request should have been given.   See *Commonwealth* v. *Boston & Lowell Railroad*, 12 Cush. 254, 259.

*Exceptions sustained.*