### ANN McMAHON *vs.* CITY OF BOSTON.

Suffolk.    November 16, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Way*, Defect in highway.    *Negligence.*

In an action for injuries from an alleged defect in a highway, if it appears that the plaintiff was injured in crossing a portion of a street undergoing repairs, and there is evidence on which it could be found that there were no barriers at the place where the plaintiff was injured, the defendant has no right to have an instruction given that the defendant is not liable to a person crossing at a place without a barrier if the jury find that the street was properly protected by barriers at the two ends of the part under repair and at the cross streets, as the question whether such barriers if they existed were sufficient is one of fact for the jury.

A woman who on her way home from church on a Sunday morning attempts to cross a street which she knows has been closed and undergoing repairs, but before doing so looks to see whether the repairs are completed at that place and thinks that they are, can be found to be in the exercise of reasonable care in attempting to cross without ascertaining that the crossing is safe.

MORTON, J.    This is an action of tort to recover for personal injuries sustained by the plaintiff by reason of an alleged defect in Blue Hill Avenue, a public highway in the defendant city. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to give certain rulings that were requested.

The accident occurred on Sunday, June 30, 1901, at about ten A. M.    The plaintiff had been to church and was on her way

home. She lived on Quincy Street which crosses Blue Hill Avenue at right angles. Blue Hill Avenue runs nearly north and south. The church was on the easterly side of the avenue about two blocks north of Quincy Street, and her home was on the northerly side of Quincy Street about the same distance westerly of Blue Hill Avenue. When she went to church she came down Quincy Street and up the westerly sidewalk of the avenue, crossing opposite the church. Returning, she came down the easterly sidewalk till she reached Quincy Street where she attempted to cross. She crossed on a cross walk of flagging over the easterly part of the street and over the car tracks, but somewhere between the last rail and the westerly sidewalk, fell and received the injuries complained of. Blue Hill Avenue was being repaired and was torn up northerly of Quincy Street; but the easterly roadway between the car tracks and the sidewalk had been finished.

One question was whether the defendant had put up suitable barriers to warn the public of the condition of the street. The plaintiff testified that on her right as she crossed, that is on the northerly side of the crossing, there was no horse or barrier, that there was none across Quincy Street; and that on her left, that is on the southerly side of the crossing, she did not notice, but did not think there was any barrier. The defendant concedes that the evidence was conflicting on this point, and that there was sufficient testimony to justify the jury in finding that there were no barriers. But it contends that its request that the defendant was not liable to a person attempting to cross where no barrier was encountered if the jury found that the street was properly protected by barriers at the two ends of the part under repair and at the cross streets should have been given. But to have given the instruction thus requested would have been saying to the jury, in effect, that, as matter of law, such barriers, if found to exist, would be sufficient. The question whether there were barriers there and, if so, whether they were reasonable and proper was one of fact for the jury and was left to them under suitable instructions. See *Jones* v. *Collins*, 188 Mass. 53.

The other instructions requested related to the plaintiff's due care and her right to recover upon all the evidence. The

defendant asked the judge to rule that if the plaintiff knew that that part of the street, where she was injured, had been under repair and closed to travel, it was contributory negligence for her to attempt to cross without first ascertaining whether the work had been completed and the crossing was safe, and that on all the evidence she could not recover. The fact that the plaintiff knew that the street had been under repair and closed to travel would not of itself be conclusive against her right to recover. *Norwood* v. *Somerville*, 159 Mass. 105. *McGuinness* v. *Worcester*, 160 Mass. 272. She testified that " she looked to see before she crossed the street; it was all clear, all right as she thought. . . . That the east side was completed and she thought the west side was." It is true that the jury might disbelieve her. But it would have been error to instruct them, as matter of law, that it would have been contributory negligence or lack of due care on her part to attempt to cross without ascertaining whether the work had been completed and the crossing was safe if she knew that the street had been closed and undergoing repairs. Whether she was in the exercise of due care depended upon a consideration of all of the circumstances of which her knowledge that the street was undergoing repairs was one. It may be that there are cases in which the presence or absence of a single fact is so controlling as to be decisive one way or the other on the question of due care; but we do not think that could be said of the plaintiff's neglect in this case, if she did neglect to ascertain whether the work had been completed and the crossing was safe before she attempted to cross. The evidence as to the condition of the crossing at the westerly end was conflicting. Several witnesses, one of whom was the sub-foreman of the paving department of the defendant city and inspector of the work of repairing the avenue, and the others police officers, testified that the flagstone crossing had been completed before the accident, and that at no time was there a temporary crossing of paving stones. Other witnesses testified that there was a temporary crossing of paving blocks. The plaintiff's testimony left the matter in doubt. If, as the defendant contends, she climbed down into the excavation and stumbled over heaps of material that had been brought or left there, it is clear that she would not be entitled to recover ; but it was for the jury, we think, to

say what the condition was, and whether taking it as they found it to be the plaintiff was in the exercise of due care in attempting to cross.

*Exceptions overruled.*

*P. Nichols*, for the defendant.

*J. C. Johnston*, for the plaintiff.