BERTHA L. CHAPMAN *vs.* CITY OF BOSTON.

Norfolk.    March 25, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Way,* Public: defect.

One who, in the daytime, in crossing a street in a city which is undergoing repairs by a contractor employed by the city, attempts to cross trenches which have been dug for the resetting of curbings, does so at his own risk and cannot maintain an action against the city for injuries received from a fall in the trench, even if the street has not formally been closed to travel and no barriers and signs have been erected to warn the public that it is undergoing repairs.

TORT for personal injuries received by the plaintiff by reason of an alleged defect in Bickford Street in Boston. Writ dated November 15, 1922.

In the Superior Court, the suit was tried before *Keating,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,800. By agreement of the parties, the judge reported the action for determination by this court, judgment to be entered on the verdict if the ruling submitting the case to the jury was right, and, if the case should not have been submitted to the jury, judgment to be entered for the defendant.

*J. A. Campbell,* Assistant Corporation Counsel, for the defendant.

*J. F. Barry,* (*E. Carr* with him,) for the plaintiff.

CROSBY, J. The plaintiff seeks to recover for personal injuries received by her by reason of an alleged defect in a highway in the defendant city. There was evidence that the city entered into a contract with the State Contracting Company for the reconstruction of Bickford Street, and that at the time the plaintiff was injured the company was engaged in raising and resetting curbstones on each side of the street. The contractor had received a permit from the city to close the street to travel. The evidence was conflicting as to whether barriers and signs had been erected notifying the travelling public that the street was closed to travel. There was evidence that at the place where the plaintiff was injured trenches had been dug for resetting the curbing for a distance of four or five hundred feet, and that previously similar work had been done on the opposite side of the street.

The plaintiff, at the time she was injured, was on her way to a factory on Bickford Street, where she was employed. Where she attempted to cross the street to enter the factory a trench had been dug on each side of the curbing; there was a pile of earth in the travelled part of the way which she stepped over onto what she thought was solid ground, and when she attempted to step over the trench to the curbstone, the edge of the trench gave way and she fell and was injured. She testified that the trench which she undertook to step over had been dug to a depth of "one, two, or three feet and dirt and debris had been accumulating" along the side of the street; that similar conditions had existed for two or three weeks on the other side of the street; that a great many employees of the factory who came to the pile of dirt would "either put their foot on it and jump over, or go over the mound of earth and over the edgestone and over to the other mound and continue on their way . . ." There was other evidence that the trench was not as deep as was testified to by the plaintiff.

If it be assumed that the street was not closed to travel and that no barriers or signs had been erected to warn the public that it was undergoing repairs, and if it could have been found that it was in a defective condition at the place

where the plaintiff attempted to cross, the question remains whether, in view of the evidence most favorable to her, the defendant could be charged with liability.

The undisputed evidence shows that the accident happened in the daytime when the street was open and visible. Whether barriers had been placed to warn travellers that it was not safe to proceed is immaterial. The state of the street was such that barriers would not have given the plaintiff notice of any conditions she had not already observed. As was said in *Compton* v. *Revere*, 179 Mass. 413, 414, 415, "but where the condition of the street is such as is shown by the evidence in this case, the condition itself is as strong a notice as any that could be given." If other persons walked or jumped across the trench at the place of the accident to the knowledge of the plaintiff, that circumstance would not justify her in attempting to cross at a place which obviously was not open to public travel and was attended with danger of injury. The condition of the street at this place was apparent, and it does not appear that she might not have crossed at another place where it would have been perfectly safe to do so.

This is not a case where a person has been injured in the night time upon a street which there is no reason to suppose is unsafe. In such cases it is held that a traveller is not precluded from recovery. *White* v. *Boston*, 122 Mass. 491. *Jones* v. *Collins*, 188 Mass. 53. *O'Neil* v. *Chelsea*, 208 Mass. 307, and cases cited. *McCarthy* v. *Stoneham*, 223 Mass. 173.

In the view of the evidence most favorable to the plaintiff, a finding in her favor was not justified. It is plain that the street where she attempted to cross was not open to travel and that she went there at her own risk. *Jones* v. *Collins*, 177 Mass. 444. *Compton* v. *Revere, supra*. *MacFarlane* v. *Boston Elevated Railway*, 194 Mass. 183, 186. *Stoliker* v. *Boston*, 204 Mass. 522. *Connors* v. *Worcester Consolidated Street Railway*, 228 Mass. 357, 360, 361. See also *Norwood* v. *Somerville*, 159 Mass. 105, 112.

In accordance with the report, the entry must be

*Judgment for the defendant.*