LUCY M. CODY *vs.* CITY OF BOSTON.

Suffolk.   November 30, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way*, Public: defect.

G. L. c. 84, § 15, does not require that a public way during construction or
repair by a municipal corporation shall be closed, or other means taken
to caution the public against entering thereon, where the fact of such
construction or repair is clearly apparent to the public.

One who, knowing that repair work was going on upon a public way in a
city and had been going on there for some time, was injured, at a place
where flagstones had been removed and piled up on the sidewalk and
there was a lowering or a depression of the street to a depth of about
fifteen or seventeen inches, by striking his foot against an iron grade
stake when he had stepped down from the curbstone about seventeen
inches onto the cross walk and had walked across a sanded surface
that seemed to him to be in preparation for something else to be put
on top of it, which might be a concrete base, cannot recover in an action
against the city under G. L. c. 84, § 15, although nothing was in the
street in the nature of a formal warning or barrier to indicate that it
was not safe for travel.

TORT for personal injuries alleged to have been caused by
a defect in a public way.   Writ dated September 4, 1923.

In the Superior Court, the action was tried before *Cox*, J.
Material evidence is described in the opinion.   A verdict
was entered for the defendant by order of the judge and the
action was reported to this court for determination.

*R. E. Johnston*, (*J. F. Barry* with him,) for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the
defendant.

PIERCE, J.   This is an action of tort for personal injuries
sustained by reason of an alleged defective condition of a

cross walk at the junction of Chatham Street and Commercial Street in the city of Boston.   It was admitted by the defendant that due and sufficient notice of the time, place and cause of the injuries claimed to have been received by the plaintiff was given the defendant.   At the close of all the evidence the defendant moved that a verdict be directed upon grounds set forth in the defendant's motion.   The motion was allowed on the first ground in the motion, namely: "That upon all the evidence and the pleadings in the case the plaintiff is not entitled to recover," and a verdict was directed for the defendant.   The plaintiff duly excepted and the judge reported the case for determination by this court on the following stipulation and agreement of the parties, viz.: "That if the Supreme Judicial Court shall find that the trial judge erred in directing a verdict for the defendant then and in such case judgment shall be entered forthwith for the plaintiff in the sum of $1,000 and execution issue thereon, otherwise judgment is to be entered on the verdict."

The pertinent facts as they appear in the reported evidence are as follows: On the morning of July 5, 1923, on her way to her place of employment, the plaintiff while walking on Commercial Street met with an accident on the cross walk at the intersection of that street with Chatham Street by reason of striking her foot against an iron grade stake driven into the ground.   At the place where she fell the flagstones had been removed and piled up on the sidewalk of Chatham Street, and there was a lowering of the street or a depression of the street to a depth of about fifteen or seventeen inches. The plaintiff testified she knew that some repair work had been going on in and around Commercial Street and in the vicinity of North Market Street and South Market Street for a week or two previous to her accident.   On the morning of her accident, as she got to the corner of Chatham Street and Commercial Street, just as she was crossing at Chatham Street, she saw dirt had been dug, that the paving stones had been removed, and she stepped down off the curbstone about seventeen inches onto the cross walk.   She walked across a sanded surface that seemed to her to be in preparation for something else to be put on top of it, which might be a

concrete base. As she got about three quarters over Chatham Street, following several people, her right foot caught as she was stepping forward, and she stumbled and fell, striking her face against the curb. Although the plaintiff testified she did not see anything in the nature of a warning or barrier of any kind to indicate that it was not safe to enter Commercial Street, she did notice that the street itself was torn up, and there was uncontradicted evidence by a witness for the plaintiff that forty or fifty workmen were engaged working in the street; that piles of dirt were in different parts of Commercial Street and Chatham Street; that stones were piled up, a cement mixer was working on the street and there were bags and piles of concrete sand there. In these obvious conditions of the streets, a barrier could convey no greater notice that the streets were in process of repair than was evident to the sight and hearing of any user of the ways. G. L. c. 84, § 15, does not require that a way during construction or repair shall be closed, or other means taken to caution the public against entering thereon, where the fact of such construction or repair is clearly apparent to the public. The statute is not inconsistent with *Compton* v. *Revere*, 179 Mass. 413, and was not intended to narrow or restrict the rule therein laid down. The case at bar is governed by *Compton* v. *Revere, supra*, and *Chapman* v. *Boston*, 252 Mass. 404.

It follows in accordance with the stipulation and agreement that the judgment is to be entered on the verdict, and it is

*So ordered.*