MARY E. O'NEIL *vs.* CITY OF BOSTON.

Suffolk.   January 16, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Way*, Public: defect.

A woman, who suffered personal injuries from a fall caused by the giving way of dirt near a gully formed by surface water in material thrown from an excavation made by a city in constructing a sewer, cannot recover in an action against the city under G. L. c. 84, § 15, where it appeared that she lived on the street where the excavation had been going on, and for weeks, perhaps months, had observed the work of excavation from the time it began to the day she was injured, and where she testified that, just before the accident, she "was extra cautious because she knew that the gully or depression was in the sidewalk," and "was picking her way along as she approached the gully" which she saw in front of her but not just where she placed her foot, and then stepped on a portion of the sidewalk about four or six inches from the edge of the gully where the dirt looked solid, and the dirt gave way and she slipped and fell into the gully; in such circumstances the city owed no duty to the plaintiff to warn her against entering the street and using the sidewalk as a public way.

TORT under G. L. c. 84, § 15, for personal injuries. Writ dated July 3, 1925.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*T. H. Mahony*, for the plaintiff, submitted a brief.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

BRALEY, J.   This is an action of tort to recover for personal injuries alleged to have been suffered by the plaintiff because of a defect in the sidewalk of Foster Street, a public way which the defendant was required to maintain in a reasonably safe condition for the use of travellers.   G. L. c. 84, §§ 1, 15.   It was admitted that due notice of the time, place and cause of the accident was given, and that on November 24, 1924, a contract was awarded to one Daddario to build a sewer in the street, and the contractor began the work about December 9, 1924, which was completed about May 17, 1925.   The plaintiff lived on the right side of Foster Street going toward Commonwealth Avenue, and the jury could find on her testimony that for weeks, perhaps months, prior to the accident which happened April 10, 1925, she had observed the work of excavation from the time it began to the day she was injured.   The soil from the excavation had been thrown in piles parallel to the trench to a height of three and one half to five and one half feet or more.   The piles filled the street gutter and part of the dirt sidewalk, which had a granite curbing, leaving only an open strip about two feet in width.   The rain or surface water flowing down and following the grade of the sidewalk caused an irregular channel or "gully" in the material excavated running diagonally across the sidewalk, which was about eight inches wide and eight inches deep.   The plaintiff had noticed this gully for five or six days, and several times had called the attention of the patrolman on the route to it.   While walking with her daughter just about dusk on the right side of Foster Street, she testified that she "was extra cautious because she knew that the gully or depression was in the sidewalk," and "was picking her way along; as she approached the gully" which she saw in front of her but not just where she placed her foot, and then stepped on a portion of the sidewalk about four or six inches from the edge of the gully where the dirt looked solid.   The dirt gave way and she slipped and fell into the gully.   The defendant offered no evidence in con-

tradiction of the plaintiff, or of the evidence of her son, who testified that the right side of Foster Street going toward Commonwealth Avenue was closed to vehicular travel because of the sewer trench and the excavations but there were no wood horses, barriers or signs excluding or warning travellers from the use of the street except that at each end of the trench there was a barrier across it with a notice stating that work for sewer purposes was being done.   The trial judge, at the close of the evidence, directed a verdict for the defendant, and the plaintiff excepted.

The city had the right to construct the sewer, and to close the street wholly or partially to travel during the work of construction, provided sufficient means were taken to caution the public against entering thereon.   G. L. c. 83, § 1.   See G. L. c. 84, § 15.   The condition of the street and sidewalk were known to the plaintiff, and no notice could have given her greater information than she possessed from her own observation and knowledge.   It is obvious that under such circumstances the city owed no duty to the plaintiff to warn her against entering the street and using the sidewalk as a public way.   *Cody* v. *Boston*, 258 Mass. 267.

*Exceptions overruled.*