CATHERINE McCARTHY *vs.* CITY OF BOSTON.

Suffolk.    November 16, 1928. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way*, Public: defect.

One walking in the daytime upon a public way in a city at a place where it was in the process of extensive reconstruction and widening, could not recover from the city under G. L. c. 84, § 15, for personal injuries sustained by him when he stumbled and fell by reason of the condition of the sidewalk at that place, although he had no previous knowledge of the work and although the city had put up no barriers nor warning signs and the way was not closed to travel.

TORT. Writ dated November 16, 1925.

Material evidence at the trial in the Superior Court before *Dubuque*, J., is described in the opinion. The jury found for the plaintiff in the sum of $1,000. Thereafter, in accordance with leave reserved under G. L. c. 231, § 120, the judge ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

*R. T. Healey*, for the plaintiff.

*E. D. Gallagher*, Assistant Corporation Counsel, for the defendant, submitted a brief.

WAIT, J. The plaintiff, while a traveller in the daytime in Boston, was injured at a point on Court Street then within the sidewalk at the corner of Brattle Street but now within the paved surface of the widened Court Street. She had crossed Court Street on a flagged walk and had placed one foot over the curbstone at a place where the bricks from the sidewalk had been taken up. Her toe caught in a depression and she fell as she was about to go on. The locality is a busy one. Other people were also crossing. Twice during her crossing she was stopped by automobiles which passed between her and the curb she was approaching and which cut off her view of the sidewalk and buildings along the easterly side of the street. She had not been in Boston for several months, and did not know of a widening of Court Street which had long been in progress. The city was widening the street from the corner of Brattle Street for a long distance. The bricks of the sidewalk had been taken away in places. The buildings had been cut off, demolished, or set back. A new sidewalk had been constructed along the further side of the old one and, at the time, was fenced off by a low railing to prevent injury until it had hardened. The office of the contractors for the work blocked the old sidewalk from a point about fifty feet to the north of the crosswalk which the plaintiff had traversed. Work of various kinds connected with the reconstruction was going on in the immediate vicinity. The old curb, however, was still in place, and, for a space in front of a boarded up building which had been the Crawford House, there was a partially demolished brick sidewalk along which travellers could pass. It was on this

walk that she fell. The city had not put up any barriers to prevent its use, nor posted any sign as a warning to travellers. The way was not closed.

Beyond dispute the way was defective. A jury might well find that the plaintiff was exercising due care and that the city knew of the conditions. The question is whether a liability exists for injury resulting from defects in the highway under G. L. c. 84, § 15.

The judge ordered the entry of a verdict for the defendant. In this there was no error. The conditions were the necessary incidents of the reconstruction and repair of the way. While that was in progress the obligation to keep the way in a condition reasonably safe and convenient for travel was suspended. Any one who used the way in daylight did so at his own risk. The work going on was sufficient notice to travellers. The lack of knowledge in regard to it on the part of an uninformed traveller does not revive the liability.

The case falls within the principle of the decisions in *Cody* v. *Boston,* 258 Mass. 267; *Chapman* v. *Boston,* 252 Mass. 404; *Compton* v. *Revere,* 179 Mass. 413; *Jones* v. *Collins,* 177 Mass. 444; *Bowman* v. *Boston,* 5 Cush. 1. See also *O'Neil* v. *Boston,* 263 Mass. 57.

*Exceptions overruled.*