CORA M. PRATT *vs.* CITY OF PEABODY.

Essex.    November 21, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Way,* Public: defect.

Where, at the trial of an action of tort against a city for personal injuries sustained when the plaintiff, alighting from a street car, stepped upon the surface of the street and the earth gave way under him and he fell, the plaintiff testified in direct examination that he knew that there had been repairs going on in the street at that point and that it was obvious to him that the entire width of the road was being repaired; and in cross-examination further stated that, while he knew repairs were being made, he did not pay much attention to them, that the roadway looked rough but that he supposed that it was all right where he stepped off, a verdict properly was ordered for the defendant: although the way had not formally been closed by the municipal authorities and no sufficient means had been taken by signs, barriers or otherwise to caution the public against entering thereon, the construction and repairs were apparent to the plaintiff, so that, if there had been signs and barriers, they would not have conveyed to him any notice or information which he did not already possess.

TORT.    Writ dated August 23, 1929.

In the Superior Court, the action was tried before *J. J. Burns,* J. Material evidence is described in the opinion.

At the close of the evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*W. E. Sisk,* for the plaintiff.

*L. F. O'Keefe,* City Solicitor, for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff while alighting from an electric car on Lynn Street, a public way in the defendant city. It was admitted that due notice of the time, place and cause of the plaintiff's injuries was given by her to the defendant. It was agreed that the street at the place where the plaintiff was injured was more than fifty feet wide; that there were sidewalks on each side of the street, and a line of street railway tracks, six to eight feet from the line of the easterly sidewalk, ran north and south.

The plaintiff testified that for about three years before the accident she had worked in Peabody; that on October 16, 1928, at about half past two o'clock in the afternoon, she was a passenger on an electric car on Lynn Street, and as she approached the place of the accident she signalled the conductor and the car came to a stop; that she alighted on the right hand side where there was a crossover extending across the street railway tracks; that as she stepped off the car the street looked all right, but the earth gave way as she put down her right foot and her right leg "crumbled" under her and she fell to the ground; that the street looked solid when she stepped off; that she had hold of part of the car as she stepped down and she let go as soon as her foot touched the ground; that she was thrown down when the earth gave way; that she was then taken to the hospital. She further testified that the ties of the street railway were exposed on each side of the "driveway," but on the crossover they were not exposed; that she was close to the car when she fell; that as she stepped off she was about a foot from the car, a foot or two from the inside rail; that it was obvious to her that the entire width of the road was being repaired; that she knew there had been some repairs going on at that point. On cross-exami-

nation she testified that before the accident she knew
repairs were being made on the road; that at the time she
was hurt she knew repairs were being made but she did
not pay much attention to them; that she saw quite a
number of men working there, a roller was there, and
horses and teams were carting dirt; that she saw a police-
man near where she was injured; that she did not observe
the condition of the rails or the side of the street between
the rails and the sidewalk as she was going toward Lynn
but it looked all right to her; that she thought there were
some men working near the place where she alighted; that
she did not see any one working on the railway at all or
between the rails; that she did see some piles of dirt up
to the time she fell; that the roadway looked rough but
she supposed it was all right where she stepped off.   On
redirect examination she testified that no men were at
work at or on the crossover where she fell; that she did
not step on a loose stone, she stepped upon dirt, and her
foot went down into it enough to cause her to fall.   There
was other testimony offered by the plaintiff tending to
show that at the place where she fell loose gravel had been
thrown in so that abutters could pass over the tracks.   At
the close of the evidence the trial judge allowed the defend-
ant's motion for a directed verdict, and reported the case
to this court.

It is not disputed that for some time before the plaintiff
was injured the city had been making repairs upon Lynn
Street for several hundred feet in both directions from the
place of the accident.   It is provided by G. L. (Ter. Ed.)
c. 84, § 15, that a county, city or town shall not be liable
for an injury or damage sustained upon a way laid out
and established by statute until after an entry has been
made for the purpose of constructing the way, "or during
the construction and repairing thereof, provided that the
way shall have been closed, or other sufficient means taken
to caution the public against entering thereon."   There is
nothing in the record to show that the way had been closed
by the proper authorities.   There was evidence offered by
the defendant tending to show that there were barriers or

horses on some parts of the work and that the barriers were almost forty to fifty feet away from the place of the accident. If it be assumed that the way had not been closed and that sufficient means had not been taken by signs, barriers or otherwise to caution the public against entering thereon, if such construction or repair was apparent to the plaintiff she is not entitled to recover. The fact that street cars were operated upon the street while it was under repair is immaterial. It is plain from the testimony of the plaintiff hereinbefore recited that she knew for some time before she was injured that the road was under repair, that if· she had seen signs or barriers erected they would not have conveyed to her any notice or information that she did not possess. In these circumstances she is not entitled to recover. The case is governed by *Compton* v. *Revere,* 179 Mass. 413, 414, 415, *Chapman* v. *Boston,* 252 Mass. 404, *Cody* v. *Boston,* 258 Mass. 267, *O'Neil* v. *Boston,* 263 Mass. 55, 57, *McCarthy* v. *Boston,* 266 Mass. 262, 264. The cases of *Jones* v. *Collins,* 188 Mass. 53, *Stoliker* v. *Boston,* 204 Mass. 522, *Brown* v. *Winthrop,* 270 Mass. 322, and the other cases cited by the plaintiff are plainly distinguishable in their facts from the case at bar.

In accordance with the terms of the report the entry must be

*Judgment on the verdict.*