KATHERINE CRAGG *vs.* CITY OF BOSTON.

Suffolk.    April 9, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Way*, Public: defect.

Evidence that the curb and the adjacent, or outer, of two rows of grano-
lithic slabs comprising the sidewalk of a wide city street had been
removed for the laying of a water main, which had been completed,
and that construction work still was in progress under the center of
the street, would warrant a finding that it was not apparent to a trav-
eller that the inner half of the sidewalk had been withdrawn from
public use, and recovery against the city for injuries due to a defect
in the inner half would be warranted under G. L. (Ter. Ed.) c. 84,
§ 15, in the absence of a formal closing thereof or of barriers or other
warnings against its use.

TORT. Writ in the Superior Court dated July 25, 1939.

The action was tried before *Forte*, J.

*C. S. Walkup, Jr.*, for the plaintiff.

*J. W. Kelleher*, Assistant Corporation Counsel, for the
defendant.

RONAN, J. Shortly after six o'clock on the afternoon of
June 21, 1939, the plaintiff, who was returning from work,
was injured while walking along the easterly portion of the
sidewalk of Huntington Avenue, a public way in Boston,
when she was thrown to the sidewalk by reason of a defect,
which consisted of a crack between the inside edge of the
granolithic sidewalk and the property line. Huntington
Avenue was one hundred feet wide. There was a reserva-
tion in the center of the street about twenty-five feet wide
for the use of street cars. On each side of this reservation
there was a space about twenty-five feet wide which, at
the time of the accident, was in use for vehicular traffic.
A subway was being constructed under this reservation in
the summer of 1939. The water main had been changed
from the middle of the street and had been relaid under
the outer edge of the sidewalk. This sidewalk at the site

of the accident was twelve and one half feet wide. The surface was composed of two rows of granolithic slabs. The outside row of slabs and the curbing had been removed for the purpose of laying the water main. The inside row of slabs had not been removed. The trench had been filled and barriers had been taken away sometime before the day of the accident. Proper written notice of the accident was given to the defendant. At the conclusion of the opening, which set forth the facts above recited, the judge directed a verdict for the defendant. He then reported his ruling to this court, the parties having stipulated that if there was error in the ruling then judgment was to be entered in a certain sum for the plaintiff.

The case presents a single issue, and that is whether or not the statutory obligation of the city to keep the highway reasonably safe for the use of travellers was suspended by the construction work that was being performed in the way.

The accident happened in the daytime nearly in front of the place where the plaintiff resided. She must have known, at least in a general way, the nature and extent of the work that was being done in the way in the vicinity of her home. There was no evidence that the street had been closed to travel by the board having charge of the ways or that barriers had been erected to notify travellers not to use that portion of the sidewalk along which the plaintiff was travelling when injured. The city, however, contends that the condition of the surface of the street and sidewalk was sufficient to give adequate warning to the plaintiff that repairs were being made over this area, including the place where she fell.

A county, city or town shall not be liable for an injury or damage sustained upon a public way "during the construction and repairing thereof, provided that the way shall have been closed, or other sufficient means taken to caution the public against entering thereon." G. L. (Ter. Ed.) c. 84, § 15. A pedestrian who is injured by reason of construction work being done in a way where the conditions of the street are open and obvious and are themselves sufficient

to warn the pedestrian that the street is closed to travel cannot recover even though the street was not closed to travel by a formal vote of the body having jurisdiction or even if no barriers had been erected to caution the public from entering upon the street. *Compton* v. *Revere*, 179 Mass. 413. *Chapman* v. *Boston*, 252 Mass. 404. *Cody* v. *Boston*, 258 Mass. 267. *O'Neil* v. *Boston*, 263 Mass. 55. *McCarthy* v. *Boston*, 266 Mass. 262. *Pratt* v. *Peabody*, 281 Mass. 437. *Pratt* v. *Rockland*, 294 Mass. 444.

The site of the accident was a busy street in the center of a large city. The place of the accident was not the locus of any construction work. The curb of the sidewalk had not been reset and the outside row of granolithic slabs had not been replaced, but the trench for the water main had been refilled and the work had been completed with the exception of restoring the surface of the place where the main had been installed. To a casual observer the inside half of the sidewalk had not been disturbed. There was nothing either in the appearance of this portion of the sidewalk or in the physical conditions in the immediate vicinity of the locus of the accident that would justify a belief that the place of the accident had been withdrawn from public use. At least, a jury could find that the physical situation which was presented to the plaintiff as she approached the place of the accident was not such as reasonably to convey to her that the path she intended to pursue was closed to the public, and that she was justified by the appearance of the surroundings in believing that she could safely proceed upon the sidewalk. There was error in directing a verdict for the defendant and, in accordance with the stipulation, judgment must be entered for the plaintiff for the amount therein named. *White* v. *Boston*, 122 Mass. 491. *Leonard* v. *Boston*, 183 Mass. 68. *McMahon* v. *Boston*, 190 Mass. 388. *Bennett* v. *Everett*, 191 Mass. 364. *Winship* v. *Boston*, 201 Mass. 273. *Hurley* v. *Boston*, 202 Mass. 68. *Stoliker* v. *Boston*, 204 Mass. 522. *McCarthy* v. *Stoneham*, 223 Mass. 173.

*So ordered.*