*Southern District*

*Third District Court of Bristol*

No. 8720

**ELSIE BRUNETTE**
**and**
**BRENDA BRUNETTE, p.p.a.**

**v.**

**ANTONE ROGERS, d.b.a.**

(November 30, 1955)

*Welch, J.* This is an action of tort tried before (*Barnet, J.*) in which the plaintiff Elsie Brunette seeks damages for personal injuries sustained by her minor daughter Brenda while travelling on the

easterly sidewalk of County Street near its intersection with the northerly side of Weld Street in New Bedford. The child was alleged to have fallen to the ground by reason of the dangerous, defective and unsafe condition of the sidewalk which condition the defendant is alleged to have created while repairing the sidewalk without placing a barrier or other warning to persons travelling thereon.

There is also a count for consequential damages by the mother.

The defendant's answer is a general denial and the affirmative defense of contributory negligence.

*The testimony for the plaintiff was as follows*:

An 8 year old boy testified that he was going home with Brenda. They were on County Street going toward Weld Street. They crossed to the other side of County Street and proceeded to a place where some men were fixing the sidewalk. Near the corner of Weld Street Brenda slipped and fell. She was walking alongside of him on the sidewalk. The sidewalk had had just been tarred. Brenda's foot struck his as she was falling. She was one step on the tar before she fell. There were no signs or barriers to keep off the sidewalk.

A doctor treated the child at her home for a lacerated lip. His bill was $5.

A sister of the child testified that on the day in question she was walking home from school on the East sidewalk of County Street. Men were fixing the sidewalk. Her sister was walking behind her with some other children. She heard her sister scream. A man picked her up. She saw water on the tar. It ran into the gutter. The tar was hot. There was water on the tar and on her sister's clothes.

The mother testified that at about noon on the day in question the child came home crying and said she had fallen. She went to the corner where it happened and three men were there. She talked with one Edward Rogers who pointed out to her where

the child fell. This was on the sidewalk three feet in from the curbing on Weld Street. The tar was wet with water falling off the sidewalk into the gutter. The spot where the child fell was dry.

The plaintiff called said Edward Rogers as a witness and he testified that he was employed by his father, the defendant Antone Rogers, as a truck driver and laborer, that he worked for an hourly wage and did not own any interest in his father's business; that his father sent him with four or five other men to this location to blacktop the sidewalk; and that they finished the job about 11:15 or 11:30 A.M. and he was sitting in his truck beside the freshly tarred sidewalk. Through his rear view mirror he saw the child walking on the curbstone. She had one foot on the curbstone and one foot in the gutter as she walked along. He saw her trip over a tree branch lying in the gutter. She fell on the curb, and he picked her up. Her face and dress were dirty from the leaves. There were leaves and branches all along the gutter from the recent hurricane. When the girl fell, the job had been finished. He was waiting for his brother who was talking to the women who had hired them to do the job. The other workers had left for home. There was water in the gutter. The girl did not fall on the tarred sidewalk.

The defendant duly filed the following request for rulings:

> 1. On all the law and evidence the defendant is entitled to a finding because,
>
> a. The defendant was not negligent.
>
> b. The plaintiff was guilty of contributory negligence.
>
> c. The plaintiff at the time of the accident assumed the risk of injury.

The request was disallowed by the Court.

The plaintiff duly filed requests for rulings and these rulings and the Court's action on them are as follows:

1. The evidence warrants a finding that there was water on the tar when and where the plaintiff Brenda Brunette fell. (Disallowed as not a request for ruling of law.)

2. The evidence warrants a finding that the tar was warm when the plaintiff fell. (Disallowed as not a request for ruling of law.)

3. The evidence warrants a finding that no means were taken to caution the plaintiff of the condition of the way. (No action taken.)

4. Permitting the public to travel on a freshly tarred sidewalk still wet and warm without cautioning them on its condition is evidence of negligence. (Allowed)

5. The sidewalk on the east side of County Street near its intersection with the north side of Weld Street in New Bedford, Mass., is a way within the meaning of Chapter 84, Section 1 of the General Laws. (Allowed)

6. The defendant had an obligation to caution travelers while working in this way. (Allowed)

7. The plaintiff Brenda Brunette is not contributorily negligent. (Allowed). There was a companion case brought by these plaintiffffs against the City of New Bedford in which the court found for the defendant. This case is not before us on this appeal.

The judge filed a memorandum as follows:

"This is an action of tort for which the minor plaintiff and her mother seek to recover damages for injuries received as the result of a fall of the minor on County Street, New Bedford on the 15th day of September, 1954.

The defendant Rogers was engaged in applying a tar or blacktop surface to a sidewalk around the Northeast corner of Weld and County Streets in New Bedford. The plaintiff lived on Weld Street, East of County. The minor plaintiff attended school North of Weld Street and West of County Street. On her way home from school at noon and treveling in her usual manner, the minor plaintiff proceeded South on County Street towards Weld Street.

Three sons of the defendant, who were doing the actual labor in resurfacing the sidewalk had just completed their work. The evidence shows that there were no barriers or signs indicating that the surface was still soft. The youngster, proceeding along the street with some companions, fell over the curbing as a result of having stepped into the soft surface.

I find and rule that a barrier or notice should have been placed to warn pedestrians against using the sidewalk until such time as the tar had hardened. I find that such failure, amounted to negligence and find for the plaintiff against Rogers in the sum of $125."

The defendant claims to be aggrieved by the following actions of the trial justice:

He claims there was error in disallowing defendant's request for rulings Nos. 1 (a) (b) and (c) in allowing plaintiff's requests Nos. 4, 6, and 7: and that the finding was against the law, the evidence and the weight of the evidence.

The defendant also claims that the judge erred in admitting testimony by the plaintiff Elsie Brunette that she returned to the place where the accident allegedly happened and spoke to one Edward Rogers and that Mr. Rogers pointed out to her where the minor plaintiff fell and that she indicated a point three feet in from the curb on Weld Street near 178 Weld Street.

At the trial this evidence was admitted over objection by counsel for the defendant who duly claimed a report and within five days filed a claim of report of the ruling with the Clerk of the Court.

We think there was no error in the manner in which the judge disposed of the requests for rulings. The eight year old boy who was walking with the minor plaintiff testified that she was one step on the tar when she slipped and fell. There was also testimony that the tar was hot and wet. The judge was justified in finding that the defendant was negligent

in not erecting a barrier on the sidewalk. The locus was in the vicinity of a school and the judge could properly find negligence because of the absence of a barrier to warn children and the public of the danger. We think he could properly find that there was no contributory negligence because "the physical situation which was presented to the plaintiff as she approached the place of the accident was not such as reasonably to convey to her that the path she intended to pursue was closed to the public, and that she was justified by the appearance of the surroundings in believing that she could safely proceed upon the sidewalk." *Cragg v. Boston*, 311 Mass. 547 @ 549.

We think, however, that there was error in the allowance in evidence of the statement of one of the workmen as to where the child fell. It should have been excluded. *Foley v. Hotel Touraine Co.*, 326 Mass. 742 @ 745. Restatement; Agency, paragraph 288. The plaintiff contends that it was admissible as part of the *res gestae*. We do not agree. "The *res gestae* of the happening of the injury was ended. A statement made afterward, no matter how soon in time, did not form part of the *res gestae* of the alleged accident and gains no competency from the doctrine of the *res gestae*. *Lane v. Bryant*, 9 Gray 245." *Rankin v. Brockton Public Market, Inc.*, 257 Mass. 6, 10, 11.

There is no way of knowing how much weight the judge attached to this evidence in finding for the plaintiff. *The finding is vacated and a new trial ordered.*

Edwin Livingstone, for the plaintiff.

John J. Dolan, Joseph W. Breen, for the defendant.